IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| RAVI REDDY, Individually, and THINK CAPITAL, LLC,<br><br>Plaintiffs,<br><br>vs.<br><br>ASHISH LAKHANPAL, Individually, and KISMET CAPITAL, LLC,<br><br>Defendants. | Case No.<br><br>**COMPLAINT** |

This matter having been commenced by Plaintiffs through their attorneys LeClairRyan by way of Complaint against the Defendants say:

## PARTIES AND OTHER RELEVANT PERSONS

1. Ravi Reddy, residing in Morris County, New Jersey, was the Managing Member of and a shareholder in Think Capital, LLC ("Old Think") an investment company which is not a plaintiff in this matter. Given the early nature of the investment, Ravi Reddy became a founding investor in SKS Microfinance, LTD ("SKS Microfinance") which was established in 1997 and is the largest microfinance company in India.

2. In January 2007, at the urging of Ashish Lakhanpal, Ravi Reddy, with permission of the SKS Microfinance Board of Directors, transferred the shares of SKS Microfinance held by Old Think to SKS Capital Partners, LLC ("SKS Capital"), a Delaware Limited Liability Company. Old Think subsequently became a lead Limited Partner as well as a General Partner of SKS Capital.

3. Since January 2007, all of Old Think's SKS Microfinance stock has been owned by SKS Capital.

12934419-3

4. In February 2012, Old Think transferred one-fourth of its assets, including ownership interests in SKS Capital, to a newly created entity called Think Capital, LLC, a New Jersey Limited Liability Corporation ("New Think Capital"), plaintiff in this matter. New Think Capital is wholly owned by Ravi Reddy. The remaining shares continued to stay in Old Think, which was renamed Staar 20/20.

5. Kismet Capital, LLC ("Kismet Capital") is a Delaware Limited Liability Company with a principal place of business in Bethesda, Maryland, and is the Managing Member of SKS Capital.

6. Ashish Lakhanpal is the sole and managing member of Kismet Capital and a citizen of the United States residing in the State of Maryland. Ashish Lakhanpal and/or Kismet Capital was also the Managing Director of Old Think.

7. While Ashish Lakhanpal was employed by Old Think, Ravi Reddy provided him with professional and personal guidance, support, and instruction. During this period Ashish Lakhanpal fully utilized Ravi Reddy's business reputation and extensive network for his own benefit.

## JURISDICTION AND VENUE

8. This Court has diversity jurisdiction over this action pursuant to 28 U.S.C. § 1332, because the amount in controversy exceeds $75,000 and there is complete diversity of citizenship of the parties.

9. All parties and/or their predecessors are conducting business in the State of New Jersey and/or conducted business in the State of New Jersey during the relevant time period, and have or had sufficient contacts with the State of New Jersey to be subject to the jurisdiction of this Court.

10. Venue is properly laid in the United States District Court for the District of New Jersey by virtue of 28 U.S.C. § 1391(b)(2) because this is a judicial district in which a substantial part of the events or omissions giving rise to the claims herein occurred, and the District of New Jersey is the location where a substantial part of the property that is the subject of this action is situated.

## GENERAL ALLEGATIONS

11. In late 2006, Ashish Lakhanpal approached Ravi Reddy and asked to be allowed to invest in and manage Old Think's ownership interest in SKS Microfinance. Ashish Lakhanpal proposed that Old Think's interest in SKS Microfinance be transferred to SKS Capital, an entity he managed through Kismet Capital, his management company.

12. In early 2007, Ravi Reddy agreed to Ashish's proposal, subject to two material conditions. The first condition required Ashish Lakhanpal to relocate to India or Thailand to manage certain assets in Asia. Ravi Reddy insisted on the relocation so that Ashish Lakhanpal could learn and add value to the investment. The second condition was that Old Think, its members, or their transferees would not bear the cost of management fees charged by Kismet Capital to other investors in SKS Capital. Ashish Lakhanpal and Kismet Capital proposed and arranged that the best way to effectuate the second material condition would be for Old Think, along with other investors, to pay Kismet Capital the management fees and, in return, Kismet Capital would reimburse Old Think for the fees it paid for the management of SKS Capital.

13. No management fees had previously been paid by Old Think, prior to this understanding and arrangement with Ashish Lakhanpal and Kismet Capital.

14. These material conditions were agreed to and accepted by Ashish Lakhanpal and Kismet Capital in e-mails dated September 20, 2007, January 3, 2008, and August 25, 2009, sent

to Ravi Reddy (attached hereto as Exhibits "A," "B," and "C" respectively).

15. After agreeing to the material conditions, Ashish Lakhanpal and Kismet Capital were given the opportunity to and, in fact, did purchase shares of SKS Microfinance at a price based on Old Think's original cost, a price which was substantially lower than the market value of the shares.

16. It was expected that Ashish Lakhanpal and Kismet Capital would use the new position to find additional investors for SKS Capital and these new investors would be charged and would pay management fees to Kismet Capital for their interests in SKS Capital.

17. The agreement as to management fee reimbursements was (1) in recognition of Ravi Reddy's efforts, *see* e-mail from Ashish Lakhanpal to Ravi Reddy, dated August 9, 2007 (attached hereto as Exhibit "D"), (2) for the benefit of Old Think, its members and transferees or assignees including New Think Capital, and (3) not limited in duration or by other separate agreements, conditions, or contingencies.

18. In August 2007, Ashish Lakhanpal asked Ravi Reddy to intervene on his behalf to have him nominated and elected to SKS Microfinance's Board of Directors in order to "enhance [his] professional profile." *Ex. D*. As a result of Ravi Reddy's efforts, Ashish Lakhanpal was elected to the Board of Directors.

19. After being elected to the Board, Ashish Lakhanpal and Kismet Capital changed attitudes toward Ravi Reddy and began a pattern of concealment and often acted without any disclosure to or consultation with Ravi Reddy. During this time, the fees and other income Ashish Lakhanpal and Kismet Capital directly or indirectly were receiving in connection with SKS Microfinance and SKS Capital significantly increased.

20. Since 2007, Ashish Lakhanpal and Kismet Capital have received approximately

$10 million of dollars in fees and capital gains from SKS Capital. To date, Ashish Lakhanpal continues to receive exorbitant fees for managing an entity that owns one public security, despite several investors who are deeply disturbed by the way Ashish has managed SKS Capital.

21. Management fees for 2007 and 2008 paid by Old Think were reimbursed by Kismet Capital, but since 2009 and 2010 Ashish Lakhanpal stopped such reimbursement

22. As part of Ashish Lakhanpal and Kismet Capital's pattern of disregard for their contractual commitments and in contravention of the written assurances of reimbursement made on August 25, 2009, *see Ex. C*, they stopped reimbursing fees to Ravi Reddy and Old Think in 2009 and presently owe the sum of at least $540,381.00 plus interest to New Think Capital and Old Think, of which, New Think Capital is owed $152,495.00 by the defendants.

23. Upon information and belief, it is understood that Ashish Lakhanpal and Kismet Capital also made undisclosed "side deals" with other investors regarding fees and Defendants fail to disclose how much each member has paid in fees to date. Think Capital has repeatedly asked Ashish Lakhanpal to disclose the amount fees paid or incurred by each member.

24. At numerous times, Ravi Reddy individually and/or on behalf of New Think Capital and/or Old Think, depending on the relevant year, has demanded that the funds be reimbursed and Ashish Lakhanpal and Kismet Capital have refused, without justification, to make the reimbursements to which they agreed.

25. Ravi Reddy and New Think Capital have been damaged by Ashish Lakhanpal and Kismet Capital's abuse of the goodwill Ravi Reddy has established over the years and breach of the agreement to reimburse an amount not less than $152,495.00.

## FIRST COUNT
### BREACH OF CONTRACT

26. Plaintiffs repeat the allegations of paragraphs 1 through 25 of the Complaint as if

set out forth at length herein.

27. Ashish Lakhanpal and Kismet Capital entered into a valid and binding agreement with Ravi Reddy, individually, for his benefit and that of Old Think, including successors and assignees, to reimburse management fees as evidenced in Exhibits attached hereto.

28. Ashish Lakhanpal and Kismet Capital have breached that agreement by not reimbursing those amounts as agreed and despite numerous demands for the payments by Plaintiffs.

29. There is due and owing a sum of not less than $152,495.00 plus interests to Plaintiffs as a result of Defendants breach.

**WHEREFORE**, Plaintiffs demand payment of the sum of $152,495.00 plus interest, costs, attorney's fees and other legal and equitable damages as may be awarded by the Court.

## SECOND COUNT
### BREACH OF COVENANT AND GOOD FAITH AND FAIR DEALING

30. Plaintiffs repeat the allegations of paragraphs 1 through 29 of the Complaint as if set out forth at length herein.

31. There is implied by law to every contract a covenant of good faith and fair dealing.

32. Ashish Lakhanpal and Kismet Capital have breached the covenant of good faith and fair dealing by refusing to make the reimbursement payments agreed to by them.

33. Plaintiffs have been damaged as a result of Ashish Lakhanpal and Kismet Capital's breach of the implied covenant of good faith and fair dealing.

**WHEREFORE**, Plaintiffs demand judgment in an amount not less than $152,495.00 plus interest, costs of suit, attorney's fees and other legal and equitable damages as may be awarded by the court.

## **THIRD COUNT**
### FRAUD IN THE INDUCEMENT

34. Plaintiffs repeat the allegations of paragraphs 1 through 33 of the Complaint as if set out forth at length herein.

35. Ashish Lakhanpal seized upon Ravi Reddy's personal and professional good will toward him and asked to be allowed to invest in SKS Microfinance, manage the asset, and serve on the Board of Directors in order to "enhance [his] professional profile." *See Ex. D.*

36. Ashish Lakhanpal sought to induce Ravi Reddy's assistance in achieving each of his goals by agreeing to relocate to either India or Thailand to better manage the asset and, in recognition of the efforts extended by Mr. Reddy, make sure that Mr. Reddy's interests SKS Capital would not bear the burden of paying management fees so long as Ashish Lakhanpal or Kismet Capital directly or indirectly was manager.

37. As a further inducement, Ashish Lakhanpal failed to fully disclose the management structure he intended to utilize with respect to the SKS investment, constituting a material omission which should be disclosed to Ravi Reddy and New Think Capital.

38. Each of the inducements by Ashish Lakhanpal including and on behalf of Kismet Capital recited in the preceding two (2) paragraphs were material misstatements or omissions upon which Ravi Reddy reasonably relied to his detriment.

39. As a result of Ravi Reddy's reasonable reliance on the materially fraudulent misstatements and omissions by Ashish Lakhanpal and Kismet Capital he has suffered and continues to suffer damages.

**WHEREFORE**, Plaintiffs demand judgment against Ashish Lakhanpal in an amount to be determined by the court, but not less than $152,495.00 plus interest, punitive damages, an award of costs of suit, attorney's fees and such other legal and equitable relief as the court may

deem appropriate.

## FOURTH COUNT
### FRAUD IN THE PERFORMANCE

40. Plaintiffs repeat the allegations of paragraphs 1 through 39 of the Complaint as if set out forth at length herein.

41. At various times following the formation of the contract, Defendants repeated the same fraudulent statements recited in the previous count and promised to make reimbursement after 2008 in order to cause Plaintiffs to refrain from taking action to recover the unpaid reimbursements upon which Plaintiffs reasonably relied to their detriment.

42. Plaintiffs have been damaged as a result of that reasonable reliance.

**WHEREFORE**, Plaintiffs demand judgment against defendants in an amount to be determined by the court, but not less than $152,495.00 plus interest, punitive damages, an award of attorney's fees, costs of suit and such other legal and equitable relief as the court may deem appropriate.

## FIFTH COUNT
### MISREPRESENTATION

43. Plaintiffs repeat the allegations of paragraphs 1 through 42 of the Complaint as if set out forth at length herein.

44. At various times following the formation of the contract, Defendants repeated the same fraudulent statements recited in the previous count and promised to make reimbursement after 2008 in order to cause Plaintiffs to refrain from taking action to recover the unpaid reimbursements upon which Plaintiffs reasonably relied to their detriment.

45. Plaintiffs have been damaged as a result of that reasonable reliance.

**WHEREFORE**, Plaintiffs demand judgment against Defendants in an amount to be

determined by the court, but not less than $152,495.00 plus interest, punitive damages, an award of attorney's fees, costs of suit and such other legal and equitable relief as the Court may deem appropriate.

## SIXTH COUNT
### DECLARATORY JUDGEMENT

46. Plaintiffs repeat the allegations of paragraphs 1 through 45 of the Complaint as if set out forth at length herein.

47. There is a just dispute between Plaintiffs and Defendants regarding the nature of the contract they entered into in or about January 2007 which is subject to resolution under the Declaratory Judgment Act. *N.J.S.A.* 2A:16-50 to -62.

48. Specifically, Plaintiffs seek a declaration that a valid contract exists between Plaintiffs and Defendants which is separate from and independent of any obligations set forth in the SKS Capital Operating Agreement and that Defendants may not interpose the SKS Capital Operating Agreement in any way to require arbitration of the dispute or application of the indemnity provisions thereof.

**WHEREFORE**, Plaintiffs demand judgment against Defendants in an amount to be determined by the court, but not less than $152,495.00 plus interest, punitive damages, an award of attorney's fees, costs of suit and such other legal and equitable relief as the Court may deem appropriate.

## SEVENTH COUNT
### ESTOPPEL

49. Plaintiffs repeats the allegations of paragraphs 1 through 48 of the Complaint as if set out forth at length herein.

50. Plaintiffs reasonably relied on the promise and representations of Ashish

Lakhanpal and Kismet Capital that management fees with respect to SKS Capital would be reimbursed by Ashish Lakhanpal and/or Kismet Capital without limitations.

51. Defendants must be estopped from (1) asserting that the promise to reimburse fees had limitations as to duration or successors and (2) attempting to interpose the SKS Capital Operating Agreement on SKS Capital Subscription Agreements as defenses or bars to the relief sought by Plaintiffs.

**WHEREFORE**, Plaintiffs demand judgment estopping Defendants from (1) asserting that the promise to reimburse fees had limitations as to duration or successors and (2) attempting to interpose the SKS Capital Operating Agreement on SKS Capital Subscription Agreements as defenses or bars to the relief sought by Plaintiffs, and award compensatory damages, interest, cost of suit and attorneys fees and such other legal and equitable relief as the Court deems appropriate.

## EIGHTH COUNT
ACCOUNTING

52. Plaintiffs repeat the allegations of paragraphs 1 through 51 of the Complaint as if set out forth at length herein.

53. Plaintiffs are entitled to an accounting as to all fees paid by them directly or indirectly to Defendants with respect to any of the SKS investments for the period January 1, 2007 to the present in order to determine the exact amount of the fees to which they are entitled to reimbursement and for other damages.

**WHEREFORE**, Plaintiffs demand judgment against Defendants in an amount to be determined by the court, but not less than $152,495.00 plus interest, punitive damages, an award of attorney's fees, costs of suit and such other legal and equitable relief as the Court may deem appropriate.

                                Respectfully submitted,

                                LECLAIRRYAN

                              By:    */s/ James A. Kosch*_____

Dated:  June 30, 2014                       James A. Kosch
                                    *Attorney for Plaintiffs Ravi Reddy and*
                                    *Think Capital, LLC, successor in interest*
                                    *to Old Think*